FILED
NOV 23 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN TORRES,                )
                            )  Civil No. 08-135-PK
        Petitioner,         )
                            )
    v.                      )
                            )
DON MILLS,                  )
                            )  FINDINGS AND RECOMMENDATION
        Respondent.         )

    Corinne J. Lai
    520 S.W. 6th Avenue, Suite 825
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jacqueline Kamins
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Juan Torres brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for Robbery and Kidnapping. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#20) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On April 12, 2002, the Washington County Grand Jury returned an indictment charging Torres with two counts of Robbery in the First Degree, one count of Robbery in the Second Degree, two counts of Kidnapping in the First Degree, Assault in the First Degree, one count of Unlawful Use of a Weapon, and one count of Unauthorized Use of a Vehicle. Respondent's Exhibit 102. Following a bench trial, the court convicted Torres of one count of Robbery in the First Degree, one count of Robbery in the Second Degree, one count of Kidnapping in the First Degree, and one count of Unauthorized Use of a Vehicle. The court imposed a sentence totaling 144 months. Respondent's Exhibit 101.

Torres directly appealed his convictions and sentence and the Oregon Oregon Court of Appeals remanded for modification of the judgment by deletion of the firearm minimum, but otherwise affirmed the trial court, and the Oregon Supreme Court denied review. State

2 - FINDINGS AND RECOMMENDATION

v. Torres, 195 Or. App. 236, 97 P.3d 691 (2004), rev. denied 337 Or. 616, 103 P.3d 639 (2004); Respondent's Exhibits 107-112.

Torres then filed an amended petition for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Torres v. Blacketter, Umatilla County Circuit Court Case No. CV05-1613. On appeal, the Oregon Court of Appeals granted respondent's Motion for Summary Affirmance, and the Oregon Supreme Court denied review. Torres v. Blacketter, 2007 Or. LEXIS 883; Respondent's Exhibits 121-127.

On January 31, 2008, Torres filed this action. His grounds for relief as set forth in his Amended Petition are as follows:

1. Ground One: Petitioner is being unlawfully held prisoner in violation of right to due process and the bar against cruel and unusual punishment guaranteed by the 5th and 14th and 10th Amendments to the United States Constitution because the trial court erred in denying his motion for Judgment of Acquittal.

   Supporting Facts: Petitioner was convicted of Kidnap I under O.R.S. 163.225. For petitioner to be found guilty, he must have acted with the intent to substantially interfere with the personal liberty of the victim above and beyond the commission of the robbery. Petitioner did not act with such intent. The evidence showed petitioner and his accomplices transported the victim away from the spot they initially made contact with him by car, and during the course of the car ride, the victim was robbed of his property. That petitioner intended to substantially interfere with the liberty of the victim was not proved by the state beyond a reasonable doubt. No trier of fact could conclude petitioner had intent to interfere with the personal liberty of the victim beyond preventing or overcoming his resistance. The asportation and detention of the victim was incidental to the robbery. Petitioner's motion for Judgment of Acquittal should have been granted.

3 - FINDINGS AND RECOMMENDATION

2.  Ground Two: Petitioner is being unlawfully held prisoner in violation of right to due process and the bar against cruel and unusual punishment guaranteed by the 5th and 14th and 10th Amendments to the United States Constitution because the trial court erred in imposing consecutive sentences after an erroneous finding that the kidnapping was more than an incidental violation of a separate statutory provision during the course of the robbery.

    Supporting Facts: The trial court sentenced petitioner to 90 months on Robbery I, and 90 months on Kidnap I of which 54 months were to be served consecutively to the Robbery. Relying on O.R.S. 137.123(5), the court ruled that the kidnap was not an incidental violation of the robbery but a separate crime that was an indication of petitioner's intent to commit more than one criminal offense and that there was a risk to cause qualitatively different harm to the victim because he was transported out to the countryside.

    O.R.S. 137.123(5) governs whether or not a defendant may receive a consecutive sentence when multiple statutory offenses have been committed during the course of the same criminal episode. In petitioner's case there was no evidence to support the inference that the kidnapping was more than an incidental violation of a separate statutory provision during the course of the robbery, and there was no evidence that the victim was at a greater risk for loss, injury, or harm as a result of the kidnapping. Petitioner was acquitted of Assault. The act of transporting the victim to a different place did not cause him a qualitatively different harm therefore there was no basis to impose consecutive sentencing.

3.  Ground Three: Ineffective Assistance of Counsel. Petitioner is being unlawfully held prisoner in violation of the right to effective counsel guaranteed by the 6th and 14th Amendments to the United States Constitution because the trial counsel failed to object to the imposition of consecutive sentences based on *Apprendi* and *Blakely*.

    Supporting Facts: Counsel objected to consecutive sentences under ORS 137.123(5). However, trial counsel did not raise an *Apprendi* and *Blakely* objection to consecutive sentences. Petitioner is prejudiced by trial counsel's failure because he was sentenced to a

> considerably greater sentence than the court could lawfully impose.
>
> Under *Apprendi* a sentencing court cannot increase a sentence beyond that authorized by a jury's verdict or a defendant's admission. The fact finding process used to impose the consecutive sentences has been rejected under *Blakely* and *Apprendi*. Counsel did not do those things necessary to diligently and conscientiously advance the defense, and counsel did not exercise reasonable professional skill and judgment in the execution of his duties.[1]

Respondent asks the court to deny relief on the Petition because Ground One was correctly denied on the merits in a state-court decision entitled to deference and Ground Two is procedurally defaulted and is without merit.

## DISCUSSION

### Merits

#### I. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Torres

---

[1] Petitioner concedes that in light of <u>Oregon v. Ice</u>, 129 S.Ct. 711 (2009), his Ground Three Claim is moot.

5 - FINDINGS AND RECOMMENDATION

bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

I. **Analysis**

   A. **Sufficient Evidence to Convict of Kidnapping in the First Degree**

Torres argues that the State failed to prove beyond a reasonable doubt that the asportation and detention of the victim was not incidental to the robbery and that the trial court should have granted his motion for judgment of acquittal on the kidnapping in the first degree charges.

6 - FINDINGS AND RECOMMENDATION

At trial, the court denied all motions for judgment of acquittal noting:

> I have already examined each of the counts and each of the items of evidence that have been presented, and I am satisfied, at least in the light most favorable to the State, each of these counts has some support with regard to each of the defendants, at least on an aiding and abetting theory.

Respondent's Exhibit 105, pp. 24-25. In finding Torres guilty of Kidnapping in the First Degree, the trial court further held:

> Count IV is kidnapping in the first degree with the purpose of terrorizing. I did read those cases. Interestingly enough, I had marked one of those cases years ago with a note from another trial that I did where I researched that before, and I'm still satisfied the evidence in this case does meet the test of terrorizing the victim. The Court of Appeals might well disagree with me because that seems to be a case-by-case analysis, but it appears to me there was a purpose of removing him from the area of the church. They could have easily driven around the block to take his clothes and jewelry and the wallet and those type of things and take his car. They could have done any number of things short of driving him seven miles out in the country and putting him on the ground and making remarks about harming him. All those things go to the general atmosphere of terrorizing the victim. That is far beyond just a robbery or taking his car; so I find each defendant guilty of kidnapping in the first degree in Count IV.

Id. at 79-80.

Although Torres argues "[t]he only movement and detention the victim experienced was that which was used to effect the robbery," given the trial court's analysis above, Torres cannot demonstrate that the trial court's denial of his motion for judgment of acquittal on the kidnapping in the first degree charges was

7 - FINDINGS AND RECOMMENDATION

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

### B. Consecutive Sentences

Torres contends the trial court erred in imposing consecutive sentences after erroneously finding that the kidnapping was more than an incidental violation of a separate statutory provision during the course of the robbery. According to Torres, there was no evidence the victim was at a greater risk of loss, injury or harm as a result of the asportation. Although the state argues this claim is procedurally defaulted, the court need not determine whether it was fairly presented to Oregon's state courts because, as discussed below, this claim is without merit. See 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

Under the relevant state statute:

> The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
>
> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation for a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or
>
> (b) That the criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing loss, injury, or harm to the victim or caused or created a risk of causing loss, injury or harm to a

8 - FINDINGS AND RECOMMENDATION

different victim than was caused or threatened by the other offenses committed during a continuous and uninterrupted course of conduct.

O.R.S. 137.123(5).

In this regard the trial court imposed consecutive sentences on Robbery in the First Degree and Kidnapping in the First Degree totaling 144 months as follows:

> That's going to be 90 months on the first conviction, Robbery in the First Degree on count one [ ], followed by 54 months consecutive on the kidnaping in the first degree. It is definitely separate conduct that deserves a separate sanction. If you just robbed a fellow in the parking lot that would be a 90-month sentence; but kidnaping him and taking him out in the country deserves an additional fairly severe sanction.
>
> So it will be an additional 54 months, the idea being that you'll serve 12 years under a Measure-11-type of sentence without any programs or other early release or anything else. And the findings for that would be under subsection five of 137.123, that consecutive sentence is appropriate here because it was not an incidental violation of the robbery, it was a separate crime to kidnap him, and it was an indication of both defendant's willingness, Mr. Hernandez and Mr. Torres, to commit more than one criminal offense.
>
> And there was a risk of causing greater or qualitatively different harm to the victim, obviously, because once he was out in the country, then he was certainly more vulnerable to Mr. Fuerte-Coria causing him serious injury with a dangerous weapon.
>
> So there's clearly a basis for a consecutive sentence.

Respondent's Exhibit 106, pp. 27-28.

Again, Torres' arguments notwithstanding, my review of the record leads only to the conclusion that consecutive sentences were warranted in this case under state law and that Torres cannot demonstrate that the trial court's imposition of consecutive

sentences based on its findings under O.R.S. 137.123(5) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus (#20) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 8, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

10 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 20th day of November, 2009.

_____
Paul Papak
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION